UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **DR. RAYMUNDO G. MATAR**<br>      Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | Civil Action No. _____ |
| **LIBERTY MUTUAL INSURANCE COMPANY,**<br>      Defendant. | §<br>§<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **COME NOW, DR. RAYMUNDO G. MATAR,** Plaintiff, and allege the following based upon personal knowledge as to Plaintiff and his own acts, and information and belief as to all other matters against Defendant, **LIBERTY MUTUAL INSURANCE COMPANY,** and in support thereof, would show as follows:

### I. PARTIES

1.   Plaintiff, **DR. RAYMUNDO G. MATAR** is an individual and resident of Hidalgo County, Texas.

2.   Defendant, **LIBERTY MUTUAL INSURANCE COMPANY,** is a foreign corporation engaging in the business of insurance in the State of Texas, and may be served with process by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### II. JURISDICTION AND VENUE

3.   This Court has original jurisdiction pursuant to 28 USCA § 1332(a)(1) because the amount in controversy exceeds the value of $75,000 and there is a diversity of citizenship.

4. This Court has personal jurisdiction over Defendant due to their presence in the State of Texas. There are sufficient minimum contacts within the State of Texas, and jurisdiction would not offend traditional notions of fair play and substantial justice. The insurance services offered by Defendant are to provide coverage for property loss which occur in the State of Texas.

5. Venue is proper pursuant to 28 USCA § 1391(b)(2) because a substantial part of the actions and/or omissions giving rise to this claim occurred in Hidalgo County, Texas.

### III. FACTS

*A.     Introduction*

6. Plaintiff, **Dr. Raymundo Matar** is the named insured under a homeowner's policy issued by Defendant, having policy number H3V-291-699550-70 (the "Policy"). The Policy covered Plaintiff's property located at 1228 E. Augusta Ave., McAllen, Texas 78503 (the "Property"). The policy period was from December 9, 2022 through December 9, 2023.

7. On or about December 16, 2022, Plaintiff's Property sustained significant water damage after a pipe in the attic was damaged.

8. On December 27, 2022, Defendant informed Plaintiff that the claim for both real and personal property damage was denied. Defendant alleged that the "policy specifically excludes rodents, seepage, and coverage before the policy inception period."

9. In a letter dated February 6, 2023, Plaintiff informed Defendant that it had failed to comply with its contractual obligations. Moreover, Plaintiff requested information that would substantiate Defendant's claim that: 1) the damage occurred prior to the Policy's inception period; and 2) the reason the Policy's "Exception To c.(6)" with regards to the rodent allegation is not applicable.

10. Defendant provided a response to Plaintiff's letter in a correspondence dated February 15, 2023. The letter, however, fails to identify any information to support the allegation that the

damages occurred prior to the inception period. Moreover, Defendant's letter improperly relies on the "General Exclusions of Water Damage" to support its denial relating its allegation of rodent caused damages.

11. During the policy term of said Policy, Plaintiff sustained covered losses in the form of mitigation activities and water damage throughout the Property. Plaintiff timely and promptly reported the claim to Defendant pursuant to the terms of the Policy.

**B.    *The Policy***

12. The Policy, Section I.A., provides coverage for the residence identified in the Declarations.

13. The Policy, under Section I – Perils Insured Against – A.2.c.(6)(g), excludes damages caused by: "Birds, vermin, rodents, or insects…". However, Exception To c.(6) further states: "Unless the loss is otherwise excluded, we cover loss to property covered under Coverage A or B resulting from an accidental discharge or overflow of water or steam from within a… (ii) Plumbing…"

14. Defendant states that the "loss occurred due to rodents, which falls under the insured's General Exclusion of Water Damage caused by animal forces or any act of nature and also maintenance kept throughout the home."

15. The "Water Damage" exclusion defines Water Damage to mean:

   a. Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

   b. Water or water-borne material which backs up through sewers or drains or which overflows or is discharged from a sump, sump pump or related equipment; or

    c. Water or water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure…

16. The loss caused by a water pipe that had broken on the roof and attic relating to rodents, as alleged by the Defendant, is not an exclusion as defined under the "Water Damage" provision.

### C.    *Breach and Damages*

17. Plaintiff's property sustained damages to the areas of the dwelling including, but not limited to, the cost of destruction and restoration of the dwelling necessary to access and fix the resulting damages. These constituted covered damages under Plaintiff's Policy with the Defendant.

18. The Defendant, and/or its agents visited and inspected Plaintiff's property in connection with the claims of property damage. Defendant knew or should have known that Plaintiff had already sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the Policy.

19. The Defendant knew that a substantial covered loss was owed. Nonetheless, it denied, delayed, or failed to pay or properly investigate some or all of Plaintiff's covered claims with no reasonable basis. It failed to act promptly or to conduct a good faith investigation. This delay and/or denial is in bad faith and a violation of Chapter 541 and 542 of the Texas Insurance Code. Therefore, Plaintiff files this bad faith claim.

20. Such denial, delay, refusal and/or failure to pay by the Defendant was in bad faith, and constituted a breach of the covenant of good faith and fair dealing, which breach was a proximate and/or producing cause of damages to the Plaintiff more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiff's claims

for damages, and the Defendant knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims.

21. All conditions precedent have been performed or have occurred.

### IV. CAUSES OF ACTION

#### A. *Declaratory Relief*

22. Plaintiff hereby incorporate the statement of facts, and all preceding paragraphs, as if cited herein.

23. An actual controversy exists between the Plaintiff, on the one hand, and the Defendant, on the other, with respect to the rights and obligations under the insurance policies that Defendant issued to Plaintiff.

24. Plaintiff seeks a declaration that indemnification is owed by Defendant for the physical damage losses that occurred at the residence in question.

#### B. *Breach of the Duty of Good Faith and Fair Dealing*

25. Plaintiff hereby incorporate the statement of facts, and all preceding paragraphs, as if cited herein.

26. As noted above, valid insurance contracts existed between the insureds and insurers. As such, a duty of good faith and fair dealing was created and owed to Plaintiff by Defendant. Said duty was breached when Defendant denied and/or delayed payments under the policy when liability was reasonably clear.

27. Chapter 541 of the Texas Insurance Code was enacted by the Texas Legislature to regulate trade practices in the insurance industry by, "(1) defining or providing for the determination of trade practices in [Texas] that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting these practices." *See* TEX. INS. CODE § 541.001.

28. Given the purpose of Chapter 541, the actions and/or inactions of Defendant in detailing their responses to Plaintiff's claim constitute bad faith, as those terms are defined by statute. Specifically, "it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

> (2) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of:
>
>> (a) a claim with respect to which the insurer's liability has become reasonably clear; or
>>
>> (b) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;"
>
> (3) failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relations to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
>
> (4) failing within a reasonable time to:
>
>> (a) affirm or deny coverage of a claim to a policy holder; or
>>
>> (b) submit a reservation of rights to a policyholder;
>
> (5) refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third-parties are responsible for the damages suffered, except as may specifically provided in the policy;
>
> . . .
>
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim. *See* TEX. INS. CODE § 541.060 (2-5), (7).

29. Additionally, Defendant violated § 541.051 of the Texas Insurance Code by making statements misrepresenting the terms and/or benefits of the policy.

30. As noted above, the repeated and continued failure to properly resolve said claims has caused significant damages to Plaintiff and will continue to do so. As such, Defendant must be held liable for bad faith violations of Chapter 541 of the Texas Insurance Code, and all damages resulting therefrom must be awarded to Plaintiff, including economic and mental anguish damages. Plaintiff are further entitled to interest, court costs and attorney fees.

C. *Violations of Texas DTPA*

31. Plaintiff hereby incorporates the statement of facts, and all preceding paragraphs, as if cited herein.

32. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper or illegal practices. The Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA. The Defendant's violations of the Texas Insurance Code, along with the material representations made to Plaintiff in order to induce the purchase of, and reliance upon, the insurance policy, specifically violate the DTPA as well. The Defendants have also acted unconscionably, as that term is defined under the DTPA.

33. Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of Plaintiff's damages.

D. *Violations of the Unfair Claim Settlement Practices Act*

34. Plaintiff hereby incorporate the statement of facts, and all preceding paragraphs, as if cited herein.

35. Defendant's actions violated Chapter 542, Subchapter A of the Texas Insurance Code, commonly referred to as the Unfair Claim Settlement Practices Act. *See* TEX. INS. CODE §

542.001. By law, the following practices by insurers are considered Unfair Claim Settlement Practices, and are prohibited:

> "(2)   failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;
>
> . . .
>
> (4)   not attempting in good faith to effect a prompt, fair and equitable settlement of a claim submitted in which liability has become reasonably clear;
>
> (5)   compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder." *See* TEX. INS. CODE § 542.005(b)(2), (4-5).

36.   As noted above, the repeated and continued failure to properly resolve said claims has caused significant damages to Plaintiff and will continue to do so. As such, Defendant must be held liable for bad faith violations of Chapter 542, Subchapter A of the Texas Insurance Code, and all damages resulting therefrom must be awarded to Plaintiff, including economic and mental anguish damages. Plaintiff is further entitled to interest, court costs and attorney fees.

37.   Furthermore, Defendant's acts, errors and omissions violated Chapter 542, Subchapter B of the Texas Insurance Code, known as the Prompt Payment of Claims Act.

### E.   Breach of Contract

38.   Plaintiff hereby incorporate the statement of facts, and all preceding paragraphs, as if cited herein.

39.   The parties entered into a valid and enforceable contract by way of an insurance policy that sets forth Defendant's contractual obligations to cover Plaintiff's home for physical damages to Plaintiff's property during the policy period.

40.   Plaintiff has performed or substantially performed all of their contractual obligations under the contracts. Defendant has by its conduct breached its contract of insurance with the Plaintiff. Such breach proximately caused damages to the Plaintiff. In addition, Plaintiff is entitled to

recover attorneys' fees in connection with their contractual causes of action.

### F.   Knowledge

41.   The conduct of the Defendant was knowingly and therefore may be subject to liability for additional damages under the Texas Insurance Code.  Plaintiff and his attorneys are also entitled to attorneys' fees in connection with the bringing of this action for breach of contract or under the relevant statute.  In the alternative, Defendant's conduct was malicious, and therefore, Plaintiff seek punitive damages.  All of the tortious conduct of the Defendant proximately caused the actual damages sought herein.

### G.   Damages

42.   Defendant's actions and/or omissions proximately caused Plaintiff's injuries. Plaintiff seeks actual and nominal damages, including but not limited to, costs to replace the damaged property, costs to mitigate damages, costs of repair, loss revenue, mental anguish damages, attorney's fees, exemplary damages, prejudgment and post judgment interest, costs of court.

43.   Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court as described in the relevant sections above.  Plaintiff believes that the amount of damages is solely for the jury to determine; however, in an effort to give Defendants proper notice of damages sought, Plaintiff pleads that the maximum amount of damages are $1,000,000.00.

## V. CONDITIONS PRECEDENT

44.   All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.  Moreover, Defendant has received at least 60 days-notice of all claims being made by and through this lawsuit.

## VI. JURY DEMAND

45.   Plaintiff herein request a jury trial and along with the filing of the Original Petition, tenders to the Clerk of the Court the statutory jury fee.

## VII. Prayer

For these reasons, Plaintiff asks that the court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

a. Actual damages;

b. Exemplary damages;

c. Mental anguish damages;

d. Prejudgment and postjudgment interest;

e. Court Costs;

f. Attorney fees; and

g. All other relief to which Plaintiffs are entitled, in law or in equity.

Respectfully submitted,

**MARTINEZ & TIJERINA P.L.L.C**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 550-4868
Fax (956) 621-0135

*/s/ Tomas F. Tijerina*
Tomas F. Tijerina
State Bar No. 24070746
Federal ID No. 1062166
ttijerina@mbmtlawfirm.com
Benigno (Trey) Martinez
State Bar No. 00797011
Federal ID No. 23945
trey@mbmtlawfirm.com